MILLER, Admr. v. MARCH.

Ohio Appeals, 5th Dist., Holmes Co.

No. 96.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

362a. DECEDENTS' ESTATES—297. Contracts.

1. Agreement "that in the event plaintiff should survive her that he should have and receive, as full compensation in caring for the farm, whatever personal estate she might have at the time of her death" held not to constitute contract enforcible at law.

2. Suit, after death, to enforce such agreement, not maintainable.

480. EVIDENCE—Testimony that decedent, in her life, was heard to say that she was willing that defendant in error should have and that she intended that he should have her personal estate at her death, constitutes declaration of future intention, and is not sufficient to establish agreement to this effect.

Error to Common Pleas.

Judgment reversed.

J. and G. E. Huston and Garver and Badger, Millersburg, for Miller.

C. J. Fisher and Turner, Ake and Abt, Canton for March.

STATEMENT OF FACTS.

Suit was entered in the Common Pleas by defendant in error, Charles March, plaintiff, against Wm. H. Miller, administrator of the estate of Margaret Miller, deceased, to recover of the latter, as such administrator, $2,611.25, the value of the personal estate of said Margaret Miller, deceased, under and by virtue of an alleged verbal agreement between them during the lifetime of said Margaret Miller, and for monies paid by March for medical services rendered to and nursing expenses incurred for said Margaret Miller.

The petition alleged "it was agreed between them that in the event plaintiff should survive her that he should have and receive, in full compensation for his services in caring for the farm, whatever personal estate she might have at the time of her death, that the agreement was in full force and effect at the time of her death and her personal property accumulated through her efforts and the efforts of the plaintiff, was of value approximately $2,400."

Defendant denied these allegations generally and specifically, and upon issue joined, the Common Pleas found in favor of the plaintiff for $1,947.20.

A petition in error was filed to reverse the judgment on numerous grounds, among which was that the trial court erred in overruling the motion of plaintiff in error for a directed verdict at the close of the testimony offered on behalf of the defendant in error.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

BY THE COURT.

Assuming that the language purporting to have been used was in fact used, does it constitute a contract enforcible at law? We do not think so, and we further think that if it were a contract enforcible at law, or even in equity, that a suit, after death, such as is set up in said petition, would not be maintainable.

Secondly assuming that the suit is maintainable, does the record evidence here show that a contract such as is set up in the petition was entered into? Witnesses on behalf of defendant in error testified that said decedent, in her lifetime, was heard to say that she was willing that defendant in error should have and that she intended that he should have her personal estate after her death. This declaration seems to have been made by decedent in response to some little quizzing into her private affairs by such witnesses, but the response was simply the declaration of a future intention. At no time does any witness testify that she said she had entered into an agreement to do this. As we read the record, there is an entire absence of testimony tending to sustain the allegation that any such agreement as is pleaded was made or entered into between said parties, and we are therefore of the opinion that said motion to direct a verdict for plaintiff in error should have been sustained, and for a failure to do so, we think the court committed the error for which the judgment in said case should be reversed and it is so ordered.